J. S44035/19

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA   :     IN THE SUPERIOR COURT OF
                                      :            PENNSYLVANIA
                   v.             :
                                        :
DANIEL CARL WYANT,            :       No. 337 WDA 2019
                                        :
              Appellant    :

Appeal from the PCRA Order Entered January 28, 2019,
in the Court of Common Pleas of Erie County
Criminal Division at Nos. CP-25-CR-0000249-1992,
CP-25-CR-0000307-1992

BEFORE:  SHOGAN, J., McLAUGHLIN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:       FILED OCTOBER 19, 2020

Daniel Carl Wyant appeals, pro se, from the January 28, 2019[1] order
entered by the Court of Common Pleas of Erie County denying appellant's sixth
serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"),
42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

The trial court set forth the following procedural history:

> [Appellant] was tried by jury on May 12 through
> May 14, 1992.  On May 14, 1992, he was found guilty
> of second degree murder, robbery, criminal
> conspiracy to commit robbery, recklessly endangering
> another person, terroristic threats, and carrying a
> firearm without a license.  On June 22, 1992, he was
> sentenced to life in prison on the homicide charge and
> received additional time on related charges at the

---

[1] While the PCRA court's order denying appellant's petition is dated
January 25, 2019, the order was not entered by the Clerk of Courts until
January 28, 2019.  We have amended the caption accordingly.

above two docket numbers.[2] [Appellant] filed a motion for reconsideration of sentence, which was denied. [Appellant] failed to file a timely direct appeal, but pursuant to a [PCRA] petition filed October 30, 1992, the trial court allowed his request to file a direct appeal nunc pro tunc. On direct appeal, the Superior Court affirmed his convictions but vacated his robbery sentence which merged with the felony murder charge, therefore no resentencing was necessary. That Superior Court order was issued October 4, 1994.

On February 7, 1996, [appellant] filed a PCRA petition and counsel was appointed. Counsel amended the petition to solely raise legality of sentence questions. On October 22, 1996, the petition was dismissed. An appeal to the Superior Court followed, and the [PCRA] court opinion was affirmed on March 31, 1998. The Supreme Court [of Pennsylvania] denied allowance of appeal. [Appellant] filed four subsequent PCRA petitions, all of which were denied, appealed and affirmed or dismissed by the Superior Court.

[Appellant] filed the instant PCRA [petition] on July 25, 2018 and an amended petition on October 25, 2018. [Appellant] alleges that the first autopsy performed on the victim showed that the victim died as a result of injuries sustained in a car accident and that only after a subsequent autopsy did the coroner discover [] the bullet hole and bullet embedded in the victim's chest cavity. [Appellant] claims that the first coroner's report was "intentionally destroyed," and that it was not turned over to the defense during discovery. He further claims that the Commonwealth "fabricated the discovery of the spent slug found in the decedent's body." He also claims that the prosecution suppressed "a December 11, 1991 video-taped recording of the decedent." [Appellant's] amended petition challenges the pathologist's methodology for determining the pathway of the

_____

[2] The Commonwealth charged appellant with homicide at Docket No. CP-25-CR-0000249-1992. The Commonwealth filed the remaining charges at Docket No. CP-25-CR-0000307-1992.

> bullet through the victim's heart (by using a coat hanger to probe the wound pathway) was not scientifically sound, in light of [appellant's] recent internet inquiry to another pathologist.

PCRA court notice of intent to dismiss without a hearing, 12/4/18 at 2-4 (extraneous capitalization and citations to the record omitted).

On December 4, 2018, the PCRA court filed a notice of intent to dismiss appellant's PCRA petition pursuant to Pa.R.Crim.P. 907. Appellant subsequently filed a response. On January 28, 2019, the PCRA court entered an order dismissing appellant's PCRA petition.

Appellant filed a timely notice of appeal on February 27, 2019. On March 1, 2019, the PCRA court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and appellant timely complied. In lieu of filing an opinion pursuant to Pa.R.A.P. 1925(a), the PCRA court relies upon the analysis set forth its Rule 907 notice of intent to dismiss appellant's PCRA petition.

Before we can address appellant's issues on appeal, we must first determine whether appellant filed a notice of appeal in compliance with the requirements set forth in the Pennsylvania Rules of Appellate Procedure and our supreme court's directive in Commonwealth v. Walker, 185 A.3d 969 (Pa. 2018). In Walker, our supreme court provided a bright-line mandate requiring that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case," or the appeal will be quashed. Id. at 971, 976-977. The Walker court applied its holding

prospectively to any notices of appeal filed after June 1, 2018. In the instant case, the notice of appeal was filed on February 27, 2019, and therefore, the Walker mandate applies. The appeal before us was from a single order resolving issues arising on both docket numbers. A review of the record demonstrates that appellant filed one notice of appeal including both docket numbers in violation of our supreme court's mandate in Walker.

Our inquiry cannot end here. A recent en banc panel of this court held that we may overlook the requirements set forth in Walker in cases where a breakdown in the court system occurs. Commonwealth v. Larkin, ___ A.3d ___, 2020 WL 3869710 at *3 (Pa.Super. July 9, 2020) (en banc); see also Commonwealth v. Stansbury, 219 A.3d 157 (Pa.Super. 2019). The panels in both Larkin and Stansbury held that a breakdown in the court system included instances in which the trial or PCRA court provides appellant with misinformation. Stansbury, 219 A.3d at 160; Larkin, 2020 WL 3869710 at *3.

Here, our review of the record reveals a breakdown in the court system similar to the scenarios presented in Larkin and Stansbury. Indeed, the PCRA court's order dismissing appellant's PCRA petition states that, "[appellant] is hereby notified that he has thirty (30) days from the date of this order to file his notice of appeal." (PCRA court order, 1/25/19 (extraneous capitalization omitted; emphasis added).) At no point did the PCRA court notify appellant that he was required to comply with the mandates

of Walker. Accordingly, we will overlook the requirements of Walker and will proceed to review the issues raised by appellant on appeal.

Appellant raises the following issues for our review:

1.) Did appellant's claims of the Commonwealth's intentional destruction/failure to preserve the decedent's "autopsy report[,"] and willful suppression of the "1991 Video-Tape" evidence raise any genuine issues of material fact?

2.) Did the PCRA [c]ourt abuse its discretion by failing to consider or address the sworn affidavits and evidence that were provided by affiants, Deborah Mongenel and Robert Grinnell as exhibits to support appellant's PCRA petition claims?

3.) Should the untimeliness of appellant's PCRA petition be excused since appellant properly invoked and proved the requirements of delineated sections 42 Pa.C.S.A. § 9545(b)(1)(i) and 42 Pa.C.S.A. § 9545(b)(1)(ii) of the Pennsylvania [PCRA]?

4.) Is the appellant entitled to an opportunity to demonstrate that his conviction was obtained from the use of false evidence, and perjury which was knowingly used by the Commonwealth bin [sic] violation of article 1, section 8 & 9 of the Pennsylvania Constitution, and the Fourteenth Amendment of the United States Constitution?

5.) Was appellant's defense consel [sic] constitutionally ineffective under article 1 section 9 of the Pennsylvania Constitution, mand [sic] the Sixth Amendment to the United States Constitution?

6.) Did appellant's defense counsel's ineffectiveness deprive appellant of a fair trial proceeding in violation of the Sixth and Fourteenth Amendments to the United States Constitution?

> 7.) Did the PCRA [c]ourt err when it determined that appellant's PCRA petition did not raise any genuine issues of material fact?
>
> 8.) Did the PCRA [c]ourt abuse its discretion when it failed to consider or address appellant's request for issuance of subpoena duces tecum related to appellant's PCRA claims?

Appellant's brief at 6 (emphasis in original).

Preliminarily, we note that appellant failed to divide the argument section of his brief into as many parts as there are questions to be answered pursuant to Pa.R.A.P. 2119(a). We have the authority to dismiss appeals for failing to comply with the Rules of Appellate Procedure and will do so in cases where such a failure hinders our ability to conduct meaningful appellate review. In re R.D., 44 A.3d 657, 675 (Pa.Super. 2012), appeal denied, 56 A.3d 398 (Pa. 2012), citing Commonwealth v. Hardy, 918 A.2d 766, 771 (Pa.Super. 2007), appeal denied, 940 A.2d 362 (Pa. 2008); see also Pa.R.A.P. 2101 (requiring that briefs conform with all material aspects of the relevant Rules of Appellate Procedure and granting appellate courts the power to quash or dismiss appeals in cases where defects in the brief are substantial). Here, because our ability to conduct meaningful appellate review has not been hindered despite appellant's violation of Rule 2119(a), we will not dismiss his appeal.

Based on our reading of appellant's brief, the following issues for appellate review can be gleaned from the point headings:

I.      [Whether] the PCRA court's opinion and determinations are based on disinformation and incorrect interpretations of the facts and evidence presented[?]

II.     [Whether] the PCRA court failed to address affidavits and genuine issues of material facts raised in [appellant's] PCRA petition[?]

III.    [Whether] the untimeliness of appellant's PCRA petition should be excused because appellant properly established the "after-discovered facts" and "governmental interference" exceptions to the timeliness requirement pursuant to 42 Pa.C.S.[A.] § 9545(b)(1)(i) and § 9545(b)(1)(ii)[?]

Appellant's brief at table of contents (extraneous capitalization omitted).

For ease of discussion, we begin with appellant's third issue. The PCRA requires that any petition for collateral relief be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." Commonwealth v. Callahan, 101 A.3d 118, 122 (Pa.Super. 2014), quoting 42 Pa.C.S.A. § 9545(b)(3).

Here, appellant's judgment became final on November 3, 1994, following the conclusion of the period in which appellant could have filed a petition for an allowance of appeal with the Supreme Court of Pennsylvania. See Pa.R.A.P. 1113(a). Appellant filed the instant PCRA petition on July 25, 2018—over 24 years after his judgment of sentence because final and over

23 years after a PCRA petition could be considered timely.  See 42 Pa.C.S.A.

§ 9545(b)(1).  Accordingly, appellant's petition is facially untimely.

A petitioner may only file a PCRA petition beyond one year of the date

the judgment of sentence becomes final if:

> (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

> "[T]he time limitations pursuant to . . . the PCRA are jurisdictional." Commonwealth v. Fahy, [] 737 A.2d 214, 222 ([Pa.] 1999).  "[Jurisdictional time] limitations are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as the statute permits." Id.  "If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." Commonwealth v. Perrin, 947 A.2d 1284, 1285 (Pa.Super. 2008).

Commonwealth v. Jackson, 30 A.3d 516, 519 (Pa.Super. 2011), appeal

denied, 47 A.3d 845 (Pa. 2012).  In cases in which a petitioner is claiming an

exception to the PCRA time-bar, the petition must be filed within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

Here, appellant contends that his claims fall under the after-discovered evidence exception to the PCRA time-bar. (Appellant's brief at 13.)

> Our Supreme Court has made plain that the analysis of whether a PCRA petitioner has satisfied the § 9545(b)(1)(ii) time-bar exception is analytically distinct from the merits of any substantive claim seeking relief. As stated in Commonwealth v. Bennett, [] 930 A.2d 1264 ([Pa.] 2007):
>
>> The text of the relevant subsection provides that "the facts upon which the claim is predicated were unknown to petitioner and could not have been ascertained by due diligence." 42 Pa.C.S.[A.] § 9545(b)(1)(ii). . . . [T]he plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove that there were "facts" that were "unknown" to him and that he exercised "due diligence."
>
> Id. at 1270.

Commonwealth v. Robinson, 185 A.3d 1055, 1059 (Pa.Super. 2018) (en banc), appeal denied, 192 A.3d 1105 (Pa. 2018).

Here, appellant states in his brief that his "discovery efforts were triggered by an 'undated contemporaneous newspaper article[,'] which refers to the trial [o]f appellant." (Appellant's brief at 23.)

> The newspaper article indicates that "Erie Patrolmen Jack Ciecierski and Luke Yates told jurors that a St. Vincent Health Center doctor initially informed them that Donald Kremer died from a broken neck[."] [T]hus, appellant averred that his receipt of the

> newspaper article in January of 2018 triggered a pursuit by his family to review discovery evidence, and autopsy reports of Donald Kremer, which appellant never possessed.

*Id.* (citation omitted; emphasis added).

Based on the averment contained in appellant's brief, the facts upon which appellant's claim is predicated have been known to appellant since May 12, 1992. Indeed, the record of appellant's trial reflects that Officer Ciecierski was initially told that Mr. Kremer "had succumbed from a broken neck and massive internal chest injuries." (Notes of testimony, 5/12/92 at 92.) Put another way, appellant did not learn of this testimony through reading a newspaper article in January of 2018, as he was present during Officer Ciecierski's testimony on May 12, 1992. Accordingly, appellant's newly discovered evidence claim is without merit.

We further note that on several occasions throughout his brief, appellant appears to raise an ineffective assistance of counsel claim. (See appellant's brief at 12-14, 23.) Ineffective assistance of counsel is not an exception to the PCRA time-bar. See 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Accordingly, we do not have jurisdiction to review the merits of appellant's claims.

Since appellant's petition is facially untimely and does not meet any of the enumerated exceptions to the PCRA time-bar, we need not address his remaining issues.

Order affirmed.


McLaughlin, J. joins this Memorandum.

Shogan, J. concurs in the result.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/19/2020